# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-169V
(Not to be published)

| | | |
|---|---|---|
| DAWN SOMELOFSKI, *parent of* A.S., *a minor*, | * | Filed: April 29, 2015 |
| Petitioner, | * | Decision; Interim Attorney's Fees & Costs |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Patricia Ann Finn,* Patricia Finn Esq., Piermont, NY, for Petitioner.

*Alexis Babcock,* U.S. Dep't of Justice, Washington, D.C., for Respondent.

## INTERIM ATTORNEY'S FEES AND COSTS DECISION[1]

On March 4, 2014, Dawn Somelofski filed a petition as the parent of A.S., a minor, seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner was ordered to file her expert report in my September 29, 2014 order (ECF No. 18). I granted Petitioner's request for an extension; however, instead of filing an expert report, Petitioner's counsel, Ms. Patricia Finn, filed a Motion to Withdraw as Attorney (ECF No. 22). The Motion was granted on April 27, 2015 (ECF No. 27).

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 to 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

The Parties filed a stipulation regarding an award for interim attorney's fees and costs on April 24, 2015. Stipulation of Facts Concerning Attorneys' Fees and Costs (ECF No. 24) at 1. The parties now agree that Petitioner's counsel should receive a lump sum of $18,200.00, for all interim attorney's fees and costs for the period of representation through February 27, 2015 in the form of a check payable to Petitioner and Petitioner's counsel. In addition, in compliance with General Order No. 9, Petitioner's attorney has noted that Petitioner personally incurred $1,400.00 in pursuit of the petition. The total amount of $19,600.00 represents a sum to which Respondent does not object.

I approve the requested amount for interim attorney's fees and costs as reasonable, given the history of this matter. Accordingly:

- an award of $18,200.00 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Patricia Finn, P.C.

- an award of $1,400.00 should be made in the form of a check payable to Petitioner for costs she personally incurred in pursuit of the petition.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

_____
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.