# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-169V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
DAWN SOMELOFSKI, *parent of* A.S.,
*a minor*,     Filed: February 29, 2016

           Petitioner,
   v.     Vaccine Act Entitlement;
       Denial Without Hearing
SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Valerie Ann Borek*, V. Borek Law Firm, Boothwyn, PA, for Petitioner.

*Alexis Babcock*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE[1]

On March 4, 2014, Dawn Somelofski filed a petition on behalf of her minor child A.S., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleges that the DTaP vaccine that A.S. received on or about March 2, 2011, caused him to develop vaccinosis, regressive encephalopathy, chronic ear infections, and enterolitis.  *See* Pet. at 1 (ECF No. 1).

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After Petitioner filed her medical records and Respondent filed her 4(c) Report disputing compensation, I ordered Petitioner on September 29, 2014, to file an expert report supporting her claim by December 29, 2014. Petitioner requested an extension of time, which I granted. Petitioner's counsel then filed a motion to withdraw as attorney, which was granted on April 27, 2015. Petitioner requested that the expert report deadline be suspended pending mitochondrial testing. After requesting an extension of time to file the test results, which I granted, Petitioner obtained new counsel. The testing results were finally filed on November 14, 2015, and I set the deadline for Petitioner's long overdue expert report for February 12, 2016.

Instead, on February 26, 2016, Petitioner filed an unopposed Motion to Dismiss. Mot. to Dismiss (ECF No. 43). In it, Petitioner states that she is unlikely to succeed in meeting her burden of proof after an investigation of the facts and science. *Id*. at 1. Petitioner also stated her understanding that the requested decision will end all of her rights in the Vaccine Program. *Id*. Ms. Somelofski intends to protect her rights to file a civil action in the future, but in an effort to not waste judicial resources, requests dismissal of his current claim. *Id*. at 1-2. Respondent does not object.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence establishing that the alleged injury that Petitioner experienced could have been caused by the vaccinations received, or that it lasted more than six months (*see* § 11(c)(1)(D)(i)).

In addition, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof, and she has not offered an expert opinion supporting her claim. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran  
Brian H. Corcoran

Special Master