# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-169V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DAWN SOMELOFSKI parent of A.S. a minor,

      Petitioner,

      v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

      Respondent.

Filed: September 28, 2016

Decision; Attorney's Fees and Costs.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Valerie Ann Borek*, V. Borek Law Firm, Boothwyn, PA, for Petitioner.

*Alexis B. Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

    On March 14, 2014, Dawn Somelofski filed a petition on behalf of her minor son, A.S., seeking compensation under the National Vaccine Injury Compensation Program. In it, she alleged, among other things, that the diphtheria tetanus and pertussis ("DTaP") vaccine A.S. received on March 2, 2011, caused his vaccinosis, regressive encephalopathy, chronic ear infections, and ertrolitis.[2] *See* Petition at 1 (ECF No. 1). Thereafter, on February 29, 2016, the

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

case was dismissed pursuant to Petitioner's motion for a decision dismissing the Petition. *See* ECF No. 44.

Petitioner has now filed an unopposed motion for final attorney's fees and costs, dated September 26, 2016. *See* ECF No. 47. Petitioner requests reimbursement of attorney's fees and costs in the amount of $4,585.75 (representing attorney's fees in the amount of $4,500.00, plus attorney's costs in the amount of $85.75). *Id*. Respondent has represented that she does not object to the sum requested. *Id*.

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $4,585.75 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Valerie Borek, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.